UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **TOMMY DARDAR, DIANE DARDAR and MORRIS BART, LLC**<br><br>**Plaintiffs**<br><br>**VERSUS**<br><br>**NATIONSTAR MORTGAGE LLC D/B/A MR. COOPER**<br><br>**Defendant** | **CIVIL ACTION NO.**<br><br>**JUDGE**<br><br>**MAGISTRATE JUDGE**<br><br>**SECTION** |

## NOTICE OF REMOVAL

TO: The Honorable Judges and The Honorable Clerk of this Court
United States District Court
Eastern District of Louisiana

**NOW INTO COURT**, through undersigned counsel, comes Nationstar Mortgage LLC, d/b/a Mr. Cooper (hereinafter referred to as "Nationstar"), sought to be made defendant in this matter, who, on reserving all rights and defenses including, but not limited to, all defenses contained in Rule 12 of the Federal Rules of Civil Procedure and/or the Louisiana Code of Civil Procedure, respectfully represents that it desires to remove this action from the 32nd Judicial District Court for the Parish of Terrebonne, State of Louisiana, to the United States District Court for the Eastern District of Louisiana, and that removal on the grounds of diversity of citizenship is proper for the reasons stated below:

1.

Plaintiffs, Tommy Dardar, Diane Dardar (Tommy and Diane Dardar are sometimes referred to collectively as the "Dardars") and Morris Bart, LLC ("Morris Bart") (the Dardars and Morris Bart are sometimes referred to collectively as the "Plaintiffs") instituted this proceeding on

1

or about June 2, 2022 by filing a Petition for Declaratory Judgment ("Petition") against Nationstar in the 32nd Judicial District Court for the Parish of Terrebonne, State of Louisiana, entitled "*Tommy Dardar, Diane Dardar and Morris Bart LLC versus Nationstar Mortgage, LLC d/b/a Mr. Cooper*" Case No. 193769, Division A.[1]

2.

Nationstar removes the Petition on grounds of diversity jurisdiction pursuant to 28 U.S.C. § 1332 as there is complete diversity between the Plaintiffs and Nationstar and the amount in controversy exceeds $75,000.00. This Court also possesses supplemental jurisdiction over any and all remaining claims pursuant to 28 U.S.C. § 1367. This matter is being removed pursuant to 28 U.S.C. § 1441(a).

**This Removal is Timely**

3.

The Petition was filed on June 2, 2022.[2]

4.

Nationstar was served with the Petition and citation on June 14, 2022.[3]

5.

This Notice of Removal is filed less than one (1) year after commencement of the action in State Court and within thirty (30) days of the service of the Petition on Nationstar in compliance with 28 U.S.C. § 1446(b).

---

[1] *See* Exhibit A.
[2] *Id.*
[3] *See* Exhibit B.

**Diversity of the Parties**

6.

Plaintiffs Tommy Dardar and Diane Dardar are domiciled in Terrebonne Parish, LA.

7.

Plaintiff Morris Bart, LLC is a limited liability company organized under the laws of the State of Louisiana and having its principal place of business in the State of Louisiana. Morris Bart, LLC's sole member is Morris Bart, III, who is domiciled in Orleans Parish, LA and is a citizen of the State of Louisiana. Consequently, Morris Bart, LLC is a citizen of the State of Louisiana for purposes of diversity jurisdiction.[4]

8.

Nationstar Mortgage LLC is a Delaware limited liability company having its principal place of business in the state of Texas. Nationstar Mortgage LLC's members are Nationstar Sub1 LLC ("Sub1") and (2) Nationstar Sub2 LLC ("Sub2"). Sub1 and Sub2 are both Delaware limited liability companies and both have their principal place of business in the state of Texas. Sub1's and Sub2's sole member is Nationstar Mortgage Holdings Inc. ("NSM Holdings"). NSM Holdings is a wholly owned subsidiary of Mr. Cooper Group Inc ("Mr. Cooper"). Mr. Cooper is a Delaware corporation. Consequently, Nationstar Mortgage LLC is a citizen of the states of Delaware and Texas for purposes of diversity jurisdiction.

9.

Complete diversity exists between the parties.

---

[4] *See* Petition at first un-numbered paragraph.

## Plaintiffs' Allegations

10.

In the Petition, the Plaintiffs allege that the Dardars are the owners of property located at 3920 Benton Drive, Bourg, Louisiana 70343, located in Terrebonne Parish ("Property").[5]

11.

In the Petition, the Plaintiffs allege that the Dardars executed a promissory note payable to Nationstar which is secured by a mortgage over the Property.[6]

12.

In the Petition, the Plaintiffs allege that State National Fire Insurance Company ("State National") issued a homeowner's insurance policy for the Property bearing policy number DPC0009282-03 ("Policy").[7]

13.

In the Petition, the Plaintiffs allege that the Property was damaged by Hurricane Ida.[8]

14.

In the Petition, the Plaintiffs allege that the Dardars hired Morris Bart under a contingency fee agreement to pursue claims for damages to the Property caused by Hurricane Ida.[9]

15.

In the Petition, the Plaintiffs allege that State National issued a check payable in the amount of $138,838.23 in insurance proceeds under the Policy, which check was made payable to the Plaintiffs and Nationstar.[10]

---

[5] *See* Petition at ¶ II.
[6] *See* Petition at ¶ III.
[7] *See* Petition at ¶ IV.
[8] *See* Petition at ¶ V.
[9] *See* Petition at ¶ VI.
[10] *See* Petition at ¶¶ VIII and IX (the Petition does not have a ¶ X).

16.

In the Petition, the Plaintiffs allege that Nationstar is not an insured under the Policy and that Nationstar has no interest in the insurance proceeds.[11]

17.

In the Petition, the Plaintiffs allege that Morris Bart obtained an attorney's fee lien over any additional amounts paid by State National under the Policy.[12]

18.

In the Petition, the Plaintiffs allege that Nationstar has claimed that it is entitled to all of the in insurance proceeds.[13]

19.

In the Petition, the Plaintiffs seek a declaratory judgment declaring that Nationstar has no interest in the $138,838.23 in insurance proceeds issued by State National.[14]

20.

Based on the foregoing, the Plaintiffs seek a mandatory injunction requiring that a new check for the $138,838.23 in insurance funds be issued without naming Nationstar as a payee.[15]

21.

In addition to seeking declaratory relief and a mandatory injunction, the Plaintiffs seek an unspecified award of damages and attorney's fees.[16]

---

[11] *See* Petition at ¶¶ XII-XIII.
[12] *Id.*
[13] *See* Petition at ¶ IX.
[14] *See* Petition at ¶¶ XIII and XIV
[15] *See* Petition at ¶ XIV.
[16] *See* Petition at final un-numbered paragraph beginning in "wherefore."

22.

"[T]he amount in controversy, in an action for declaratory or injunctive relief, is the value of the right to be protected or the extent of the injury to be prevented." *Hartford Ins. Group v. Lou-Con Inc.*, 293 F.3d 908 (5th Cir. 2002 )(quoting *Leininger v. Leininger*, 705 F.2d 727 (5th Cir. 1983)).

23.

Because the Plaintiffs seek (1.) a declaratory judgment that Nationstar has no interest in the $138,838.23 in insurance proceeds; (2.) and injunctive relief that the $138,838.23 insurance proceeds check be re-issued without listing Nationstar as a payee, and (3.) an unspecified award of damages and attorney's fees, the amount in controversy is at least $138,838.23.

24.

Based on these claims, the amount in controversy in this matter exceeds $75,000.00 as the Plaintiffs seek declaratory judgments and mandatory injunctive relief in excess of $75,000.00. These allegations demonstrate by a preponderance of the evidence that the amount in controversy in this matter exceeds $75,000.00, exclusive of interest and costs.

25.

Pursuant to 28 U.S.C. § 1446(a), a copy of all pleadings and orders in the state court record, which includes "all process, pleadings and orders served upon" Defendant to date, attached as Exhibit A.

26.

Promptly upon filing this notice of removal, written notice thereof will be given to all adverse parties and a copy of this notice of removal will be filed with the clerk of the aforesaid state court to effect the removal of this civil action to this Honorable Court as provided by law.

**WHEREFORE**, defendant Nationstar Mortgage, LLC, d/b/a Mr. Cooper, hereby files this Notice of Removal and removes this civil action to the United States District Court for the Eastern District of Louisiana. Plaintiffs are notified to proceed no further in the state court case unless this case should be remanded by Order of the United States District Court.

This 28th day of June, 2022.

Respectfully submitted:

**McGLINCHEY STAFFORD, PLLC**

/s/ Jonathan G. Wilbourn
Jonathan G. Wilbourn, T.A. (Bar Roll No. 27683)
Remington M. Angelle (Bar Roll No. 38126)
301 Main Street, 14th Floor
Baton Rouge, LA 70801-1916
Telephone: (225) 383-9000
Facsimile: (225) 343-3076
Email: jwilbourn@mcglinchey.com
Email: rangelle@mcglinchey.com

**Attorneys for Nationstar Mortgage, LLC d/b/a Mr. Cooper**

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the above and foregoing pleading has been served upon all counsel of record via United States Mail, properly address and postage pre-paid, this 28th day of June, 2022.

/s/ Jonathan G. Wilbourn